(36 Misc. Rep. 646.)

## INGRAHAM et al. v. NATIONAL SALT CO. et al.

(Supreme Court, Special Term, Kings County. January, 1902.)

1. CORPORATIONS—SALE OF STOCK—INJUNCTION.

Certain stockholders sued a corporation to enjoin the carrying out of a plan for the purchase of a majority of the stock by another corporation, and to prevent other stockholders, who were not made parties, from selling their stock, and the proposed purchaser from buying the same. The complaint did not allege that the officers of the corporation had unlawfully conspired to turn over its control, but simply alleged that, should the proposed purchaser acquire a majority of the stock, it might be used to the disadvantage of the minority stockholders of the defendant. *Held,* that as the stockholders other than plaintiffs had a right to sell any of the stock which they held, privately, the injunction would not lie.

2. SAME.

The fact that plaintiffs' stock had been deposited with a trust company for an unexpired term of years, and that they were thereby unable to accept the offer of defendant to purchase their stock, did not entitle them to enjoin other stockholders from selling their free stock.

Action by George S. Ingraham and others against the National Salt Company and others. Demurrer to complaint sustained.

George S. Ingraham, for plaintiffs.

Clarke & Culver (R. Floyd Clarke, of counsel), for National Salt Co.

Alexander & Green (Charles W. Pierson and H. H. Pierce, of counsel), for North American Trust Co. and Thorne.

RUSSELL, J. Devesting the complaint and accompanying exhibits of all that is not essential to the consideration of the demurrer to the complaint, the object of the action appears to be the obtaining an injunction against the stockholders of the National Stock Company from selling, and the International Salt Company from buying, the stock of the former company privately held by its stockholders. This result is sought to be reached in an action to which neither those stockholders nor the International Salt Company are parties. The action proceeds upon the assumption that the National Salt Company, as a corporation, can prevent its stockholders from selling their stock, because the president of that company or its board of directors have advised the stockholders of the offer of the International Company, and because of the apprehension that, if the latter company purchases a majority of the stock, it may use its power of control unfavorably to minority stockholders. There is nothing in the complaint or the exhibits which indicates any unlawful conspiracy or agreement by any of the officers of the National Company to pass over the control of that company to the International Company for purposes of personal emolument, or in defiance of any legal duty. The president of the National Company did notify the stockholders of the offer which the International Company made in pursuance of its plan to acquire, if it could, a majority of the stock of the National Company, and in so doing did not, for aught that appears, make any provision for his own personal benefit, or exercise any duress. As that president received the informa-

tion of the proposal from the International Company, it was his moral, if not his legal, duty to advise those interested of the terms of such proposition, so that they might accept or reject as they saw fit. Such a course was far more in consonance with a just conception of what he owed to the stockholders, than a hiding of the proposition until he could secure terms for his own future retention in office, or an equivalent pecuniary consideration. As to the stockholders, the contemplated purchase by the International Company was a matter of their own free will, and in no sense one of predestination. Each stockholder had an undoubted right to sell his own stock, unless his privilege of sale had been hampered by his own action in acquiring the rights in the company, so that a purchaser was not willing to purchase the stock so hampered, on account of the burden placed upon it. If, therefore, the stock of the plaintiffs has been deposited with the American Trust Company in Cleveland, to remain until January 1, 1905, that incumbrance upon the right of the plaintiffs to accept the offer of the International Company, expiring October 10, 1901, does not give these plaintiffs any right to enjoin the other stockholders from selling or exchanging their free stock to the International Company or any other purchaser. The National Salt Company acts as a corporation, and has only the incidental powers necessary to discharge the purposes for which it was formed. The control of the stock of the company is not within its corporate functions, after its treasury has been filled with the sums paid by outsiders to acquire that stock. From thenceforth those stockholders privately own the interest in the company which they purchased, and the corporation itself, which is simply the aggregate of the stockholders, cannot deprive them of their property, or of any of the incidents of that property which tend to make it valuable. Even if a majority of the stockholders should elect a board of directors which should by resolution forbid the sale of any stock then owned, except upon conditions stated, which were incumbrances upon the power to sell, such an act would be tyrannous, unwarranted, and might be rightly charged as the act of a majority, which was not binding upon a single stockholder. No injunction can lie against a corporation to prevent an act which it has no power to stop.

Nor do the facts alleged in the complaint, with the aid of the statements of the exhibits, justify a present injunction on the ground of possible future waste if the International Company shall obtain control. An injunction must rest upon overt acts from which the presumption may be drawn of future injury. There are no facts alleged here which justify the presumption that, if the stockholders of the National Company shall sell to the International Company a sufficient quantity of stock to give the latter company control, such control will be used to retard or impair the interests of the National Company or its stockholders. In the absence of definite statements of facts to the contrary, the presumption would rather be that the International Company seeks to buy because, in its judgment, the stock of the National Company may be made more valuable. The demurrer must be sustained, with costs.

Demurrer sustained, with costs.